# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA EHRHART,

    Plaintiff,

v

UNITED COLLECTION BUREAU, INC.,

    Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

ANGELA EHRHART ("Plaintiff"), by and through her attorneys KIMMEL & SILVERMAN, P.C., alleges the following against UNITED COLLECTION BUREAU, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in York, Pennsylvania 17401.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its headquarters located at: 5620 Southwyck Boulevard, Suite 206, Toledo, OH 43614.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13. Upon information and belief, the alleged debt arose out of transactions for personal, family and/or household purposes.

14. Beginning in late March 2015 or early April 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt owed by another person identified as "Michael Z. Barber."

14. Upon the parties' initial communication, Plaintiff informed Defendant that it was calling the wrong person, that "Michael Z. Barber" was her father and that "Michael Z.

Barber" could not be reached at Plaintiff's cellular telephone number.

15. Further, Plaintiff instructed Defendant to stop calling her on her cellular telephone.

16. Defendant acknowledged this information and said "We're sorry. This is the number we have on file."

17. Plaintiff took further efforts to have her cellular telephone number removed from Defendant's system by following the telephone prompts to select the option provided.

18. However, Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone.

19. Rather, Defendant continued to call Plaintiff knowing that it was not the person that owed the alleged debt.

20. Defendant called Plaintiff, on average, once or twice per week on her cellular telephone.

21. Defendant's calls originated from the number including, but not limited to: (866) 416-6130. The undersigned has confirmed that this number belongs to Defendant.

22. Plaintiff has had this cellular telephone number for more than one year.

23. Plaintiff has only used this number as a cellular telephone number.

24. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

25. Defendant never had consent from Plaintiff to call Plaintiff's cellular telephone number as Defendant was calling the wrong person.

26. Furthermore, upon information and belief, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting

Plaintiff.

27. Plaintiff knew that she was receiving automated calls and messages, as the automated calls would begin by announcing "this call is for Michael Z. Barber. We have important information about a debt" and were in a computerized voice, not the voice of a real person.

28. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

29. Defendant, despite the above, failed to acknowledge its mistake or notify Plaintiff that its collection activities would cease.

30. Upon information and belief, Defendant conducts business in a manner which violates both the FDCPA and TCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

31. Defendant's conduct violated 15 U.S.C. §§ 1692b(3).

   a. A debt collector violates 1692b(3) of the FDCPA by communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b.    Here, Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff more than once about a debt belonging to a third party, despite having been notified that it was calling the wrong person.

## COUNT II

32. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692c(a)(1).

    a.    A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

    b.    Here, Defendant violated § 1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff to her cellular telephone about another individual's debt, which was an inconvenient time or place for Plaintiff to receive collection calls.

## COUNT III

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any

person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone and continuing to call Plaintiff about a debt of another person after being told to stop calling.

## COUNT IV

34. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. § 1692f of the FDCPA.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone.

**DEFENDANT VIOLATED THE
TELEPONE CONSUMER PROTECTION ACT**

## COUNT V

35. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

36. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring aprivate cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

37. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause

of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

38. Despite the fact that Plaintiff never consented to Defendant placing calls to her, as it was calling the wrong person, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

39. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

40. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, ANGELA EHRHART, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits

the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

  f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANGELA EHRHART, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:  07/22/2016    By: /s/ Craig Thor Kimmel
          CRAIG THOR KIMMEL, ESQ.
          Attorney ID No. 57100
          Kimmel & Silverman, P.C.
          30 E. Butler Pike
          Ambler, PA 19002
          Phone: (215) 540-8888
          Fax: (877) 788-2864
          Email: kimmel@creditlaw.com