# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA EHRHART, | Case No. 3:16-cv-01519-WJN |
| Plaintiff, | THE HONORABLE WILLIAM J. NEALON |
| v. | |
| UNITED COLLECTION BUREAU, INC., | |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

AND NOW comes Defendant United Collection Bureau, Inc. ("UCB" or "Defendant"), by and through its attorneys, Cohen Seglias Pallas Greenhall & Furman, P.C., and files the within Answer to Plaintiff's Complaint filed by Plaintiff Angela Ehrhart ("Plaintiff"), stating as follows:

## ANSWER

### INTRODUCTION

1.       It is admitted that Plaintiff) filed the above-captioned action against UCB alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). It is denied that UCB has engaged in any conduct in violation of the FDCPA or the TCPA.

### JURISDICTION AND VENUE

2.       The allegations set forth in Paragraph 2 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

3.      The allegations set forth in Paragraph 3 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

4.      The allegations set forth in Paragraph 4 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

**PARTIES**

5.      Defendant admits Plaintiff is a natural person.  Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 5, and therefore deny the same and demand strict proof thereof.

6.      The allegations set forth in Paragraph 6 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

7.      The allegations set forth in Paragraph 7 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

8.      UCB admits that it has a place of business in Toledo, Ohio.  The remaining allegations set forth in Paragraph 8 of the Complaint states conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

9.      The allegations set forth in Paragraph 9 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

10.      The allegations set forth in Paragraph 10 of the Complaint state conclusions of

law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

11.     The allegations set forth in Paragraph 11 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

## FACTUAL ALLEGATIONS

12.     The allegations set forth in Paragraph 12 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

13.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 13, and therefore deny the same and demand strict proof thereof.

14.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 14, and therefore deny the same and demand strict proof thereof.

15.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 15, and therefore deny the same and demand strict proof thereof.

16.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 16, and therefore deny the same and demand strict proof thereof.

17.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 17, and therefore deny the same and demand strict proof

thereof.

18.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 18, and therefore deny the same and demand strict proof thereof.

19.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 19, and therefore deny the same and demand strict proof thereof.

20.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 20, and therefore deny the same and demand strict proof thereof.

21.     In response to the allegations in Paragraph 21 of the Complaint, UCB admits to being the subscriber of phone number (866) 416-6130.  UCB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies the allegations.  Except as expressly set forth herein, UCB denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 22, and therefore deny the same and demand strict proof thereof.

23.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 23, and therefore deny the same and demand strict proof thereof.

24.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 24, and therefore deny the same and demand strict proof

thereof.

25.     The allegations set forth in Paragraph 25 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

26.     The allegations set forth in Paragraph 26 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

27.     Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 27, and therefore deny the same and demand strict proof thereof.

28.     The allegations set forth in Paragraph 28 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

29.     The allegations set forth in Paragraph 29 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

30.     The allegations set forth in Paragraph 30 of the Complaint are denied.

## COUNT I

31.     The allegations set forth in Paragraph 31, inclusive of sub-paragraphs (a) – (b) of the Complaint, constitute statements or conclusions of law to which no response is required and therefore said allegations are denied and strict proof is demanded at trial.

## COUNT II

32.     The allegations set forth in Paragraph 32, inclusive of sub-paragraphs (a) – (b) of

29029631v1

the Complaint, constitute statements or conclusions of law to which no response is required and therefore said allegations are denied and strict proof is demanded at trial.

### COUNT III

33.     The allegations set forth in Paragraph 33, inclusive of sub-paragraphs (a) – (c) of the Complaint, constitute statements or conclusions of law to which no response is required and therefore said allegations are denied and strict proof is demanded at trial.

### COUNT IV

34.     The allegations set forth in Paragraph 34, inclusive of sub-paragraphs (a) – (b) of the Complaint, constitute statements or conclusions of law to which no response is required and therefore said allegations are denied and strict proof is demanded at trial.

### COUNT V

35.     The allegations set forth in Paragraph 35 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

36.     The allegations set forth in Paragraph 36 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

37.     The allegations set forth in Paragraph 37 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

38.     The allegations set forth in Paragraph 38 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint, denies that Plaintiff is entitled to any relief, and denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

40.     The allegations set forth in Paragraph 40 of the Complaint state conclusions of law, to which no response is necessary.  To the extent that the allegations are contrary to law, they are denied.

## PRAYER FOR RELIEF

UCB denies that Plaintiff is entitled to any of the relief and/or judgments contained in the WHEREFORE paragraph following Paragraph 40 of the Complaint, including sub-paragraphs (a) – (f).

## DEMAND FOR JURY TRIAL

UCB admits that Plaintiff seeks a jury trial on the matter but denies that Plaintiff is entitled to such.

Defendant denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

Defendant denies, generally and specifically, each and every allegation in the Complaint not specifically admitted in the above paragraphs.

Defendant further states that its investigation of the present matter is ongoing and reserves the right to amend this answer.

## AFFIRMATIVE AND OTHER DEFENSES

UCB sets forth the following affirmative and other defenses without assuming the burden of proof that would otherwise rest with Plaintiff.

7

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims under the FDCPA fail to the extent that any violation, which is specifically denied, was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Third Affirmative Defense

Plaintiff's claims should be dismissed to the extent that UCB acted in good faith in conformity with an advisory opinion of the Federal Trade Commission and/or Consumer Financial Protection Bureau.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate Plaintiff's alleged damages.

### Fifth Affirmative Defense

Plaintiff's claims for statutory damages are limited pursuant to the provisions of the FDCPA.

### Sixth Affirmative Defense

Plaintiff's claims, under the TCPA should be dismissed to the extent that no calls in question were placed by an automated telephone dialing system, and/or UCB had the prior express consent of the owner and/or subscriber of the telephone number in question to place the alleged telephone calls at issue, and/or Plaintiff is not a called party within the meaning of the TCPA.

### Seventh Affirmative Defense

Plaintiff cannot recover against UCB to the extent that Plaintiff's claims are barred, in whole or part, because Plaintiff lacks Constitutional and statutory standing to assert the claims alleged in this action.

### Eighth Affirmative Defense

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which UCB continues to deny, were the result of acts or omissions of third parties over whom UCB had neither control nor responsibility.

### Ninth Affirmative Defense

Plaintiff's claims are barred to the extent that Defendant has substantially complied with the requirements of the FDCPA and/or the alleged violations are not material.

### Tenth Affirmative Defense

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### Eleventh Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the principles of release, waiver, *res judicata*, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

### Twelfth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

29029631v1

### Thirteenth Affirmative Defense

Plaintiff has failed to allege that Plaintiff is the subscriber of the alleged telephone number at issue.

### Fourteenth Affirmative Defense

Plaintiff's claims for actual damages are barred in that Plaintiff failed to allege any actual injury resulting from UCB's alleged acts.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands..

### Sixteenth Affirmative Defense

The extent to which Plaintiff's claims may be barred by any remaining defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure, they cannot be determined at this time without the benefit of additional investigation. Thus, as separate and alternative defenses to the Complaint, UCB reserves its right to assert all other defenses as appropriate, including the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, United Collection Bureau, Inc., by counsel, pray as follows:

(1)    that the Court enter judgment in favor of Defendant and against Plaintiff on the claims in the Complaint and deny all relief sought by Plaintiff;

(2)    that the Court award Defendant its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(3)    that the Court award Defendant such other and further relief as this Court deems just and proper.

10

Date: August 22, 2016                    Respectfully Submitted,

                                         COHEN SEGLIAS PALLAS
                                         GREENHALL & FURMAN, P.C.

                                         By: */s/ James McNally*
                                              James McNally, Esq.
                                              PA I.D. No. 78341
                                              525 William Penn Place, Suite 3005
                                              Pittsburgh, PA 15219
                                              Phone: (412) 434-5530
                                              Fax: (412) 774-2103
                                              jmcnally@cohenseglias.com

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing *Answer and Affirmative Defenses* was served upon the following this 22nd day of August, 2016, via the Court's Electronic Filing System:

Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
aginsburg@creditlaw.com
*Attorneys for Plaintiff Angela Ehrhart*

*/s/ James McNally*
James McNally